```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :        CRIMINAL ACTION
                               :
          v.                   :
                               :        NO. 21-132
MURTY VEPURI, et al.           :        NO. 21-mj-1220
```

MEMORANDUM

Bartle, J.                                        October 19, 2021

The motions before the court involve the procedure for review of privilege materials that were seized by the Government pursuant to search warrants.

Defendants Murty Vepuri, Ashvin Panchal, and KVK-Tech, Inc. have been indicted on one count for conspiracy to defraud the United States by impeding, impairing, and defeating the lawful function of the Food and Drug Administration ("FDA") to introduce unapproved drugs into interstate commerce with intent to defraud and mislead and to make false statements to the FDA (18 U.S.C. §§ 371, 331(d), 355(a), and 1001). Defendant KVK-Tech, Inc., a generic drug manufacturer, has also been indicted on a separate count for mail fraud (18 U.S.C. § 1341).

The Government, pursuant to three search warrants, has seized what has been described as 30 terabytes of electronically stored information and an estimated 500 boxes of hard copy materials from the several premises of KVK-Tech, Inc. The search took place over several days from July 29, 2021 through August 4, 2021. Included in what was removed are files of the

person who describes himself as both KVK-Tech, Inc.'s Chief Executive Officer and General Counsel.[1]

The Government has now filed a motion for an order to establish a procedure to protect any privileged materials that have been seized. In essence, the Government proposes to create a filter team of attorneys and support staff, walled-off from the prosecution team in this action, to review those materials.

KVK-Tech, Inc. opposes the motion and any use of a filter team. It has filed a Cross-Motion for Return of Records and to Enjoin the Government from Reviewing Privileged Documents.[2] At this time, the Government has agreed not to review the materials pending the court's decision on the pending motions.

The Government proposes that the filter team would determine the status of the seized materials and segregate them into three categories: (1) privileged materials; (2) not privileged materials; and (3) materials that may or may not be privileged. The materials in the first category would be returned to defendant. The filter team would turn over to the

---

1. At oral argument, the Government challenged his declaration. The Government produced evidence that KVK-Tech, Inc. does not describe him as General Counsel. The court does not need to resolve this issue here.

2. The other defendants have joined in this motion and in opposition to the Government's motion.

prosecution team those materials in the second category without further input from defendant.  The materials in the third category would be subject to review by defense counsel.  Before anything in the third category is provided to the investigative team, the court would resolve any disputes between the parties. The Government represents that a large portion of the materials seized simply appears to be manufacturing, financial and other business records of KVK-Tech, Inc. which are highly unlikely to be the subject of any privilege.

        Under the Government's proposed order, the Government will consult with defense counsel as to folders that are likely to contain privileged material.  Electronic filters will also be used to identify materials which contain the names or email addresses of lawyers and law firms.  If a criminal defense lawyer is identified, the materials will automatically be treated as privileged but materials identifying other lawyers would not have any blanket protection.  The individual defendants may supply the names of their spouses so that their spousal privilege may be protected.  The Government will also use a list of Boolean search queries, following consultation with defense counsel, to identify additional materials that should be reviewed for privilege.  The order proposed by the Government provides pursuant to Rule 502(d) of the Federal Rules

of Evidence that any disclosure shall not be deemed a waiver of any privilege in any other federal or state proceeding.

In reviewing the procedure proposed by the Government, the court must keep in mind the importance of upholding attorney-client privilege and the attorney-work-product doctrine.  The attorney-client privilege is the oldest privilege known to the common law.  Upjohn Co. v. United States, 449 U.S. 383, 389 (1981).  It allows for full and frank communication between lawyer and client and "thereby promote[s] broader public interests in the observance of law and administration of justice."  449 U.S. at 389.  The existence of the privilege promotes "sound legal advice and advocacy," all to the public good.  Id.  The Supreme Court has also protected from disclosure pursuant to the attorney-work-product doctrine materials prepared by attorneys acting for their clients in anticipation of litigation.  This doctrine advances the cause of justice and gives life to the Sixth Amendment right to effective assistance of counsel.  United States v. Nobles, 422 U.S. 225, 237-38 (1975).

The use of a filter or taint team separate from the prosecution team is well established.  Such a procedure promotes the expeditious review of documents, helps avoid delay in the investigation of criminal conduct, and ultimately assists in effecting a speedy trial or other resolution of the action.  Our

Court of Appeals in In re Search of Electronic Communications, 802 F.3d 516, 530 (3d Cir. 2015) has recognized that a taint team to review for privileged documents "is a common tool employed by the Government." It further observed that a court has the prerogative to adopt an appropriate procedure to fit the case at hand and may always require the use of a special master to review documents or undertake itself the task of in camera review. Id. at 530 n.53.

The Court cited Klitzman, Klitzman & Gallagher v. Krut, 744 F.2d 955, 962 (3d Cir. 1984), on which defendant relies. There, the Government was investigating an attorney for conspiracy to use the U.S. mail to defraud insurance companies in personal injury cases. The Government obtained search warrants to seize open and closed files of personal injury claimants as well as various compensation agreements and financial records of the attorney's law firm. Two trucks were needed to carry away all the documents. The law firm moved for a preliminary injunction for the return of the documents. The district court agreed that the search was overbroad and ordered the return of the documents. The Court of Appeal affirmed. It described the Government's conduct as a "rampage," which "potentially or actually invaded the privacy of every client of the Klitzman" firm when only one lawyer and one employee was subject to the investigation. Id. at 961. It then outlined the

procedure for the Government to follow in any subsequent effort to obtain documents from the law firm.

The law firm was to be given an opportunity to produce documents voluntarily.  If it did not, the district court was to implement a procedure that accommodated the needs of the Government while protecting the interests of the firm's clients who had no connection with any investigation as well as the interest protected by the work product doctrine.  The Court suggested that at the expense of the Government it could appoint a special master to examine the documents ex parte.  It observed, "such a procedure would vindicate both the interests of the government in investigating and prosecuting crimes and the confidentiality interests of the law firm."  Id. at 962. Significantly, there was no mention in Klitzman, which was decided in 1984, of the option of a filter team before the prosecutor examined the seized documents.

The Government's proposed procedure here is fatally flawed insofar as the filter team is permitted to provide to the prosecution team all materials it deems not to be privileged without any opportunity for the defendant to mount a challenge. In this respect, the filter team, as part of the executive branch of government, would be arrogating to itself the judicial function of deciding what documents are privileged and what documents are not privileged.  The authority to determine issues

-6-

of privilege belongs to the courts and the courts alone.  The Government's proposed order undermines the separation of powers and vitiates significant interests of the defendant.  In re Search Warrant Issued June 13, 2019, 942 F.3d 159, 176-77 (4th Cir. 2019).  It will not be approved.

The Government argues that if the filter team erroneously turns over a privileged document to the prosecution team, the error can later be corrected.  This may be easier said than done.  Even if a belated correction may be possible in some instances, it is always better to put procedures in place to avoid such an error before it occurs.  In any event, the Government's argument is without merit since it still allows the executive branch to make decisions on issues of privilege.

The defendant's motion to compel the Government to return the seized materials is likewise flawed.[3]  The defendant proposes that it will then review the materials and release those it deems not to be privileged.  As to those it deems privileged, it will produce a privilege log and the issue will then be litigated before the court.  The party seeking the

---

3. Defendant, in order to avoid spoilation issues, has no objection to the Government retaining copies of all the materials it seized as long as it does not review them.  In a letter to the court, the Government has advised that it did not actually take possession of all the items in question.  Most but not all of the electronically stored materials were simply imaged.

document is always at a disadvantage as it has only an abbreviated description of the documents on the log.  The defendant not only seeks the elimination of any filter team but effectively seeks the undoing of the searches which were supported by warrants obtained from and signed by a Magistrate Judge.  Defendant's reliance on Klitzman is misplaced.  While our Court of Appeals did order the return of documents in that action, the circumstances were quite different.  There was no taint or filter team in place or even suggested as a barrier against the prosecution team.

Our Court of Appeals, as set forth above, recognized in 2015 and long after Klitzman that the use of a taint team or filter team is a common tool employed by the Government.  In re Search of Elec. Commc'ns, 802 F.3d at 530.  It has also made clear that the district court has discretion in deciding what procedure for review of documents for privilege is to be followed in a particular case.  Id.  In this court's view, the use of a filter team with proper safeguards and limitations in this case will accommodate the need of the Government and indeed the public for an expeditious pretrial proceeding and ultimately for as speedy a trial as possible. At the same time the use of the filter team with limitations will protect the significant interests of the defendant in its privileged materials.  The motion of defendant to require return of the seized materials

and to enjoin the filter team from reviewing the materials will be denied.

The court adopts the following procedure which will take into account the interests of the Government and safeguard the rights of the defendant. The filter team, walled-off from the prosecution team, may retain and review all materials seized. The Government shall provide the defendant with immediate access to the materials in its possession. The defendant shall review the materials as promptly as possible and advise the filter team which materials it considers not to be privileged and which materials it considers to be privileged.[4] To the extent it considers materials not privileged, they will be immediately produced to the prosecution team. As noted above, it has been represented to the court that a significant percentage of the materials are manufacturing, financial and other business records which are highly unlikely to implicate any privilege. The parties should deal with this category of materials first and without delay. The filter team will have a reasonable amount of time to review the materials the defendant has designated as privileged. To the extent the filter team agrees with the defendant, those materials shall be returned to the defendant.

---

4. For purposes of this discussion, the term <u>privilege</u> includes attorneys' work product.

The court will appoint a special master, at the Government's expense, to review for privilege those remaining materials as to which there still exists a dispute.  The parties shall attempt to agree on a special master.  If unable to agree, each side shall submit to the court the names of up to three individuals who will agree to serve.  The court shall <u>not</u> be advised as to the party recommending any individual.  The court will select a special master from the list.

Both pending motions will be denied.  The parties shall submit to the court, on or before October 29, 2021, a proposed order consistent with this Memorandum and shall include specific deadlines for each step in the process.