# Exhibit A
# (Submitted to Chambers)

# Exhibit B
# (Submitted to Chambers)

# Exhibit C
# (Submitted to Chambers)

# Exhibit D

# D-1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**MURTY VEPURI**                    :   **GRAND JURY NO. 2018-301**

## MURTY VEPURI STATUTE OF LIMITATIONS WAIVER

Murty Vepuri, through counsel:

(a) having been advised that he is under federal investigation in the Eastern District of Pennsylvania, Grand Jury Number 2018-301, concerning possible criminal violations arising under Title 18 and Title 21 of the United States Code related to Hydroxyzine Hydrocloride, including but not limited to alleged conspiracy in violation of 18 U.S.C. § 371, mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, and the introduction of adulterated or misbranded drugs into interstate commerce in violation of 21 U.S.C. § 331;

(b) having retained counsel, Ronald Levine of Post & Schell, P.C.;

(c) having indicated that it is in his interest and in the interest of justice that current charging and plea negotiations continue; and

(d) having been advised by his counsel of the potential charges against him and his right under the applicable statute of limitations, and that these negotiations may not be completed by the expiration of the statute of limitations as regards at least some alleged criminal actions, now agrees that:

(1) he will not raise the statute of limitations as a defense in any criminal proceedings concerning the investigation referred to in paragraph (a), except to the extent that the statute of limitations has already run or expired as of the date of this agreement, and provided that such proceedings are commenced by information or indictment filed on or before

June 30, 2020;

      (2)    the Parties agreed that nothing in this waiver shall be construed as an admission of wrongdoing by him; and

      (3)    he understands the meaning of this waiver and has expressly discussed execution of this waiver with his attorney, who has agreed to its terms and approved its language.

WILLIAM M. McSWAIN
United States Attorney

_____
MARY BETH LEAHY
PATRICK J. MURRAY
Assistant United States Attorneys

_____
MURTY VEPURI

_____
POST & SCHELL, P.C.
Counsel for defendant

Date: 9/9/19

2

**D-2**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**MURTY VEPURI**                    :    GRAND JURY NO. 2018-301

## SECOND MURTY VEPURI STATUTE OF LIMITATIONS WAIVER

Murty Vepuri, through counsel:

(a) having been advised that he is the target of a federal investigation in the Eastern District of Pennsylvania, Grand Jury Number 2018-301, concerning possible criminal violations arising under Title 18 and Title 21 of the United States Code related to Hydroxyzine Hydrocloride, including but not limited to alleged conspiracy in violation of 18 U.S.C. § 371, mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, and the introduction of adulterated or misbranded drugs into interstate commerce in violation of 21 U.S.C. § 331;

(b) having retained counsel, Ronald Levine of Post & Schell, P.C.;

(c) having previously executed a statute of limitations waiver extending the statute of limitations concerning the investigation referred to in paragraph (a) until June 30, 2020;

(d) having indicated that it is in his interest and in the interest of justice that current charging and plea negotiations continue; and

(d) having been advised by his counsel of the potential charges against him and his right under the applicable statute of limitations, and that these negotiations may not be completed by the expiration of the statute of limitations as regards at least some alleged criminal actions, now agrees that:

(1) he will not raise the statute of limitations as a defense in any criminal proceedings concerning the investigation referred to in paragraph (a), except to the extent that the statute of limitations has already run or expired as of the date of this agreement, and provided that such proceedings are commenced by information or indictment filed on or before December 31, 2020;

(2) the Parties agreed that nothing in this waiver shall be construed as an admission of wrongdoing by him; and

(3) he understands the meaning of this waiver and has expressly discussed execution of this waiver with his attorney, who has agreed to its terms and approved its language.

WILLIAM M. McSWAIN
United States Attorney


 /s/ Patrick J. Murray
MARY BETH LEAHY
PATRICK J. MURRAY
Assistant United States Attorneys

_____
MURTY VEPURI


_____
POST & SCHELL, P.C.
Counsel for defendant

Date: _____

criminal proceedings concerning the investigation referred to in paragraph (a), except to the extent that the statute of limitations has already run or expired as of the date of this agreement, and provided that such proceedings are commenced by information or indictment filed on or before December 31, 2020;

    (2)    the Parties agreed that nothing in this waiver shall be construed as an admission of wrongdoing by him; and

    (3)    he understands the meaning of this waiver and has expressly discussed execution of this waiver with his attorney, who has agreed to its terms and approved its language.

WILLIAM M. McSWAIN
United States Attorney

_____
MARY BETH LEAHY
PATRICK J. MURRAY
Assistant United States Attorneys

*[signed]*
MURTY VEPURI

*[signed]*
Ronald H. Levine, Esq.
POST & SCHELL, P.C.
Counsel for defendant

Date: June 9, 2020

2

# D-3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MURTY VEPURI                              GRAND JURY NO. 2018-301

MURTY VEPURI STATUTE OF LIMITATIONS
AND INDICTMENT WAIVER

Murty Vepuri, ("Vepuri") through counsel:

(a) having been advised that he is a target of a federal investigation in the Eastern District of Pennsylvania, Grand Jury Number 2018-301, concerning possible criminal violations arising under Title 18 and Title 21 of the United States Code related to Hydroxyzine Hydrochloride;

(b) having retained counsel, Post & Schell, P.C., including Ronald H. Levine, Esq.;

(c) having indicated that it is in his interest and in the interest of justice that current charging and plea negotiations continue;

(d) having been advised by counsel of the potential charges against him, his right under the applicable statute of limitations, and his right to prosecution by indictment for felonies;

(e) having previously entered into a statute of limitations waiver agreement in connection with this matter effective on June 12, 2020 and ending on December 31, 2020, now agrees that:

(1) Vepuri will not raise the statute of limitations as a defense in any criminal proceedings concerning the investigation referred to in paragraph (a), except to the extent that the statute of limitations has already run or expired as of the

1

date of this agreement, and provided that such proceedings are commenced by charges filed on or before April 30, 2021;

(2) as of March 1, 2021, Vepuri waives prosecution by indictment and consents that this prosecution may proceed by filing an information instead of by indictment, and he agrees that the filing of the information will toll the continue running of the statute of limitations as of the date of the filing of the information;

(3) the Parties agree that nothing in this waiver shall be construed as an admission of wrongdoing by Vepuri;

(4) Vepuri understands the meaning of this waiver and has expressly discussed execution of this waiver with his attorneys, who have agreed to its terms and approved its language.

WILLIAM M. McSWAIN
United States Attorney

_/s/ M. Beth Leahy_
_/s/ Patrick J. Murray_
M. BETH LEAHY
PATRICK J. MURRAY
Assistant United States Attorneys

_____
MURTY VEPURI

_____
RONALD H. LEVINE
POST & SCHELL, P.C.
Counsel for MURTY VEPURI

_____
DATE

2

date of this agreement, and provided that such proceedings are commenced by charges filed on or before April 30, 2021;

(2) as of March 1, 2021, Vepuri waives prosecution by indictment and consents that this prosecution may proceed by filing an information instead of by indictment, and he agrees that the filing of the information will toll the continue running of the statute of limitations as of the date of the filing of the information;

(3) the Parties agree that nothing in this waiver shall be construed as an admission of wrongdoing by Vepuri;

(4) Vepuri understands the meaning of this waiver and has expressly discussed execution of this waiver with his attorneys, who have agreed to its terms and approved its language.

WILLIAM M. McSWAIN
United States Attorney

/s/ M. Beth Leahy
/s/ Patrick J. Murray
M. BETH LEAHY
PATRICK J. MURRAY
Assistant United States Attorneys

_____
MURTY VEPURI

_____
RONALD H. LEVINE
POST & SCHELL, P.C.
Counsel for MURTY VEPURI

11/30/20
DATE

2

**D-4**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIM. NO. 21-132** |
| **MURTY VEPURI** | : | |

## STATUTE OF LIMITATIONS WAIVER

Murty Vepuri, through counsel:

(a) having executed a written plea agreement with the government pursuant to which he agrees to plead guilty to a criminal violation related to the distribution of Hydroxyzine Hydrochloride, for which charges were filed on under seal on or about April 5, 2021;

(b) having retained counsel, Ronald Levine of Post & Schell, P.C.;

(c) having requested through counsel that the charging document referred to in paragraph (a) continues to remain under seal until on or about May 31, 2021 to delay entering his plea in court to allow him to attend to his wife's current medical issues;

(d) having been advised by his counsel of his right under the applicable statute of limitations;

(e) having previously entered into a statute of limitations waiver agreement in connection with this matter effective on December 31, 2020 and ending on April 30, 2021, Vepuri now agrees that:

(1) the period of May 1, 2021 through and including the date on which he enters a guilty plea is tolled and shall not be counted in ascertaining the statute of limitations applicable to the charge in the plea agreement, except to the extent that the statute of limitations

1

has already run or expired as of the date of this agreement;

(2) if he fails to plead guilty to the charge referred to in paragraph (a), the period May 1, 2021 through and including the date on which Vepuri advises the court of his decision to breach the plea agreement is tolled and shall not be counted in ascertaining the statute of limitations applicable to the charge in the plea agreement or to any uncharged conduct, including felony charges arising from the investigation, except to the extent that the statute of limitations has already run or expired as of the date of this agreement;

(3) he has waived prosecution by indictment and consents that this prosecution may proceed by filing an information instead of by indictment;

(4) the parties agree that nothing in this waiver shall be construed as an admission of wrongdoing by Vepuri; and

(5) he understands the meaning of this waiver and has expressly

discussed execution of this waiver with his attorney, who has agreed to its terms and approved its language.

                                    JENNIFER ARBITTIER WILLIAMS
                                    Acting United States Attorney

*/s/ M. Beth Leahy*
*/s/ Patrick J. Murray*
M. BETH LEAHY
PATRICK J. MURRAY
Assistant United States Attorneys

_____
MURTY VEPURI


_____
RONALD LEVINE, ESQ.
Counsel for Mr. Vepuri


Date: _____

3

discussed execution of this waiver with his attorney, who has agreed to its terms and approved its language.

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney

/s/ M. Beth Leahy
/s/ Patrick J. Murray
M. BETH LEAHY
PATRICK J. MURRAY
Assistant United States Attorneys

*[signature]*
MURTY VEPURI

*[signature]*
RONALD LEVINE, ESQ.
Counsel for Mr. Vepuri

Date: 4/30/29 10:20 am

3