# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re Search of 110 Terry Drive, Newtown, PA; 100 Campus Drive, Buildings 350 and 351, Newtown, PA; and 114 Pheasant Run, Newtown, PA | : | |
| | : | No. 21-mj-1220 |
| ----- | : | The Hon. Harvey Bartle III |
| KVK-Tech, Inc., Murty Vepuri, Ashvin Panchal, | : | |
| | : | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 21-cr-00132 |
| v. | : | The Hon. Harvey Bartle III |
| MURTY VEPURI, ASHVIN PANCHAL, KVK-TECH, INC. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF APPEAL OF SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING PRIVILEGE LOG VOLUME 2**

Defendants KVK-Tech, Inc. ("KVK"), Ashvin Panchal, and Murty Vepuri appeal the Special Master's recommendation that the Court deny their Motion for a protective order addressing a compilation of 61 documents listed on Volume 2 of their privilege log, seized when search warrants were executed at KVK in July 2021. Report and Recommendation of the Special Master (Doc. 164, issued June 7, 2022), Exhibit "A" hereto ("Vol. 2 R&R"); Motion for Protective Order (April 19, 2022), Exhibit "B" (in camera). The Special Master found that the compilation is protected fact work product, assembled by Mr. Panchal at the request of KVK's outside counsel in connection with the 2019 investigation that led to the

pending charges.[1]  But he also found that the government met the standard for piercing work-product protection under Fed. R. Civ. P. 26(b)(3).[2]

As explained below, the Special Master used the wrong legal standard for doing so. The Court's own analysis of this issue in *FTC v. AbbVie, Inc.*, 2015 WL 8623076 (E.D. Pa. Dec. 14, 2015), the rule itself, and other precedent, show the Special Master's legal error. Moreover, his error relieved the government of its burden to make the required showing and thus led the Special Master to conclusions that the record cannot sustain—including, for example, finding the government has "substantial need" for 27 documents the warrants did not even authorize it to seize.[3]

On the one hand this dispute appears narrow:  a discrete set of documents, all of which are outside the scope of the warrant and/or quite likely produced or made available on-site during the 2019 criminal investigation.  On the other, the Special Master's fundamentally incorrect interpretation of the standard for piercing work-product protection raises issues that are likely to recur, on records far more complex, as the filter review process continues.  Applying the correct legal standard to this set of documents requires overruling the Report and Recommendation and granting the protective order.

---

[1] The government did not appeal this ruling.  The defendants have elected not to appeal (without conceding their accuracy) the Special Master's analyses of attorney-client privilege and opinion work product.

[2] The doctrine enshrined in the civil rule applies in criminal matters too. *E.g., In re Grand Jury Investigation*, 599 F.2d 1224, 1228 (3d Cir. 1979).  Indeed, "its role in assuring the proper functioning of the criminal justice system is even more vital." *United States v. Nobles*, 422 U.S. 225, 238 (1975).

[3] Defendants will raise challenges to the search and seizure in the appropriate procedural posture.

Defining the correct legal standard at this stage will, the defendants hope, make future proceedings on this topic more efficient.

## ARGUMENT

### I. Standard of Review

The Court reviews de novo the Special Master's legal conclusions and his underlying findings of fact. Fed. R. Civ. P. 53(f)(3-4).

### II. The Government Did Not Meet The Standard For Ordering Disclosure Of Fact Work Product, And The Special Master Applied the Wrong Standard When Concluding That It Did.

The federal rules impose a meaningful burden on a party seeking discovery of fact work product: it must demonstrate that "it has substantial need for the materials to prepare its case," and that it "cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Just as a privilege holder must support its claim of privilege with specific facts, a party seeking to pierce an established privilege shoulders the burden of demonstrating its claimed entitlement to disclosure with specific facts as well. *See Hickman v. Taylor*, 329 U.S. 495, 509-12 (1947).

The government's submission to the Special Master on this topic totals barely one page of text, including boilerplate quotations of legal standards. It asserts only that (1) the documents are "important to" the ongoing investigation because the records "pertain[] to KVK's manufacturing" of Hydroxyzine HCL, a topic covered by the July 2021 search warrants; and (2) the Filter Team cannot locate "other copies" of the same documents "in

materials seized from KVK's facility" pursuant to those warrants.[4] Gov't Opp. to Defendants' Motion for Protective Order (Vol. 2), at 12 (May 3, 2022) ("Gov't Vol. 2 Opp.," Exhibit "C" (in camera)).

The Special Master erred by requiring nothing more. First, he accepted the conclusory assertion that the disputed documents are "related" to the ongoing investigation as sufficient to establish "substantial need." Second, he deemed the government's inability to find particular documents in a particular place sufficient to satisfy the second prong of the Rule 26(b)(3) showing. These errors led him to a conclusion that cannot be sustained when the correct standard is applied.

### A. The Government Did Not Show "Substantial Need" For The Documents.

It is axiomatic that "substantial need" requires more than mere "relevance." "Relevance" is the standard for discoverability generally; if it sufficed to pierce work-product protection, that protection would be meaningless. *Hickman*, 329 U.S. at 509-10; *Belcher v. Bassett Furniture Industries, Inc.*, 588 F.2d 904, 908 (4th Cir. 1978); *see* Adv. Comm. Note to Rule 26(b)(3) (describing "special showing" required to obtain work product, beyond Rule 26(b)(1) relevance). Rather, the party seeking discovery must also demonstrate "the importance of the materials" to its case. Adv. Comm. Note to Rule 26(b)(3); Wright & Miller, 8 FED. PRAC. AND PROC. CIV. §2025 (3d ed., April 2022 update). And conclusorily asserting that protected material is "important" as well as "relevant"

---

[4] The government expressly disclaims interest in the compilation as such; it says it just wants the documents. That is, which documents counsel and Mr. Panchal deemed relevant to the 2019 investigation has no evidentiary value to the government. Gov't Vol. 2 Opp. (Exh. "C"), at 11-12.

(which is all the government did here) does not carry that burden of demonstrating "substantial need."

Indeed, as the Court recognized in *AbbVie, supra*, that burden is not met even when a party identifies specific elements of its case and articulates the "relevance" of the work-product material to them. In *AbbVie*, the FTC sought discovery of market forecasting spreadsheets for AbbVie's "AndroGel" product, which the Court found were fact work product prepared for in-house counsel. *Id.* at *8. The FTC contended that the spreadsheets "related to central issues in" its case, including AbbVie's asserted monopoly power and the calculation of equitable monetary relief. FTC's Motion to Compel, 2:14-CV-5151-HB (Doc. 122)(redacted version[5]), at 2, 6; *AbbVie, Inc.*, 2015 WL 8623076 at *8. The Court nonetheless held that the FTC failed to establish a "substantial need." *Id.*

Precedent from other courts supports that ruling. Indeed, the foundational *Hickman* opinion emphasizes that disclosure of fact work product is improper absent a "showing of necessity" or undue prejudice if disclosure is denied. 329 U.S. at 509, 511, 512 (also stating that disclosure is authorized when "essential to the preparation of one's case"). That fact work product may be "helpful," but not "essential," to the party seeking it is not enough. *Republic Gear Co. v. Borg–Warner Corp.*, 381 F.2d 551, 558 (2d Cir. 1967); *SEC v. Collector's Coffee Inc.*, 2021 WL 391298, at *5 (S.D.N.Y. 2021) ("Substantial need exists if the documents at issue are 'crucial to the determination of whether the defendant could be held liable for the acts alleged, or carr[y] great probative value on contested issues.'")(citation omitted)).

---

[5] Undersigned counsel cannot access the unredacted filings, which are sealed. To the extent that the redactions conceal additional detail in the FTC's submission, the Court's conclusion that the FTC's showing was insufficient is even more powerful.

Accordingly, opinions granting discovery reflect this demonstrated nexus between the evidence and the elements of the case the party seeking discovery is preparing. *E.g.*, *Braun v. Lorillard Inc.*, 84 F.3d 230, 236 (7th Cir. 1996) (cigarette manufacturer entitled to report showing absence of asbestos fibers in decedent's lungs)(applying Rule (b)(4)(B)); *In re Intel Corp. Microprocessor Antitrust Litigation*, 258 F.R.D. 280, 295 (D. Del. 2008) (where issue was corporation's failure to preserve electronic evidence, plaintiff had substantial need for statements by records custodians); *Raso v. CMC Equipment Rental, Inc.*, 154 F.R.D. 126, 129 (E.D. Pa. 1994) (worker injured in crane accident had substantial need for worker's and crane operator's prompt statements about accident); *McNulty v. Bally's Park Place, Inc.*, 120 F.R.D. 27, 29 (E.D. Pa. 1988) (substantial need for statement by sole eyewitness to accident).

Here, the government did not even come close to the showing that failed in *AbbVie*. In *AbbVie*, the FTC explained the relevance of (1) a uniform subset of the disputed documents (*i.e.*, 18 spreadsheets of the same type), to (2) identified, and "central," aspects of the FTC's enforcement theory. In contrast, the Filter Team made a blanket assertion that (1) all 61 documents, with no distinction by category, are relevant and important to the broad topic of (2) "KVK's manufacturing of Hydroxyzine Hydrochloride"—with no stated connection to a factual theory the government is pursuing. Gov't Vol. 2 Opp. (Exh. "C"), at 12. Neither the FTC nor the Filter Team made any showing of "necessity."

The Special Master erred by accepting the Filter Team's bald assertions as sufficient to establish "substantial need." While demanding specific, detailed, document-by-document, factual showings to establish privilege,[6] he required no such showing when the

---

[6] Sometimes overly specific: *e.g.*, the Special Master deemed insufficient the assertion that KVK's outside counsel (identified in the papers as "Sidley") communicated with Mr.

burden shifted to the party attempting to pierce it. After quoting the Filter Team's submission, his sole analysis of the government's need for the documents is this: "The subject matter of the Disputed Documents appears to be related to the subject matter of the documents identified in the search warrants" (*i.e.*, the manufacture of Hydroxyzine HCL). Vol. 2 R&R (Exh. "A") at 13. But as explained above, equating simple relevance with "substantial need" functionally negates the special protection fact work product receives.

The Special Master's legal error led him to forgo the review that would have quickly revealed the fallacy of the government's position as to nearly half of the documents. The warrants seek evidence dating from January 1, 2018 forward. Yet 27 of the 61 documents fall outside that date limitation, some dating as far back as 2011 and many from 2013 and 2014. *See* Warrant Attachment B (identifying scope of permissible seizure), Exhibit "D" (in camera); Chart of Document Dates, Exhibit "E" hereto. This makes sense. As the Special Master acknowledged, Mr. Panchal gathered the documents at counsel's request during the 2019 investigation—that is, the investigation that produced the pending criminal case.

The government may review documents outside the scope of the warrants only "cursorily"; *i.e.*, to the degree necessary to confirm that their dates put them outside the scope of material the government was authorized to seize. *Andresen v. Maryland*, 427 U.S. 463, 482 n.11 (1976); *see, e.g., United States v. Heldt,* 668 F.2d 1238, 1267 (D.C. Cir. 1981). The government cannot claim substantial investigative "need" for work-product material that it cannot use "to prepare its case" (Fed. R. Civ. P. 26(b)(3)(a)(ii)) at all.

---

Panchal, holding that the privilege holder must identify a "specific" Sidley attorney to establish privilege. Vol. 2 R&R (Exh. "A") at 9-10. Though the defendants do not raise this as a separate claim of error on appeal, it contrasts sharply with the low bar the Special Master deemed sufficient to pierce work-product protection.

Even as to the 2018 documents the warrants authorized the government to seize in 2021, the government's bare assertion that they are "related" to a broad topic encompassed by both investigations—KVK's manufacturing of Hydroxyzine HCL—falls far short of demonstrating "substantial need." Nowhere in its briefing before the Special Master did the government demonstrate (or even articulate) why it needs the documents to any degree to prepare its case. The Court recognized in *AbbVie* that even explaining how specific documents would help the litigant prove specific elements of its case does not demonstrate the required degree of necessity. *AbbVie, Inc.*, 2015 WL 8623076 at *8. The same analysis applies here, *a fortiori*; the government's conclusory assertion that all 61 documents are "related" and "important" to the pending investigation falls short even of the FTC's attempted showing that failed in *AbbVie*. The defendants carried their burden to establish work-product protection; that protection does not yield when the government fails to carry its burden to justify piercing it.

### B. The Government Did Not Show That It Is Unable, Without Undue Hardship, To Obtain The Substantial Equivalent Of The Protected Documents.

The Special Master also erred by deeming the Filter Team's assertion that it "cannot find other copies of the Disputed Documents in materials seized from KVK's facilities" (Gov't Vol. 2 Opp. (Exh. "C"), at 12) sufficient to establish that it "cannot, without undue hardship, obtain their substantial equivalent by other means" (Fed. R. Civ. P. 26(b)(3)(A)(ii)). The inability to find (1) in a particular place (2) a duplicate copy of particular work-product material, falls far short of the required justification for piercing work-product protection.

On the first point, the government's careful statement that it cannot find the same documents elsewhere *in the seized materials* is telling. Notably, the government does *not*

claim that it cannot find the documents in the materials it obtained during the 2019 investigation that prompted counsel to ask Mr. Panchal to compile pertinent records to begin with.  In fact, KVK responded to multiple government document requests, and made voluminous documents available for on-site inspection, during 2019.  KVK believes that were the government to look, it would find that it received or reviewed many, if not all, of the documents during that investigation.[7]  The government's assertion that it cannot find a particular document in a particular place is legally irrelevant.

Second, the government's asserted inability to obtain "copies of" the documents (assuming it does not already have them) also falls far short of the legal standard.  The question is whether a litigant can obtain the "substantial equivalent" of its opponent's work product—not whether it can find a duplicate of its opponent's report, memorandum, notes, etc. in a different place.  Though the Special Master referenced "the Government's inability to obtain *the information contained* in" the documents (Vol. 2 R&R (Exh. "A") at 13)(emphasis added)), the government itself never claimed that inability.  Much less did the government claim that it cannot obtain the "substantial equivalent" of that information without "undue hardship."  It never addressed those factors at all.

Again, the Court's *AbbVie* ruling reflects the correct analysis.  The FTC did not have, and presumably could not obtain elsewhere, "copies of" AbbVie's work-product spreadsheets.  But that was not enough to establish that "it cannot, without undue hardship, obtain their substantial equivalent by other means." *AbbVie, Inc.*, 2015 WL 8623076 at *8

---

[7]    The government attempts to shift to KVK the burden of showing that the government has, or can find, the documents elsewhere (Gov't Vol. 2 Opp. (Exh. "C"), at 12-13), but that is not how Rule 26(b)(3) works.

(quoting Rule 26(b)(3)).  Precedent from other courts finding this standard met supports this Court's conclusion that it was not met in *AbbVie*.  *E.g., In re Grand Jury Investigation*, 599 F.2d at 1232 ("stark inability" to secure information in deceased witness's statement, which government certified was "substantial proof" of a material fact, justified disclosure); *Braun*, 84 F.3d at 236 (tissue sample from decedent destroyed by plaintiff's testing); *In re Intel Corp.*, 258 F.R.D. at 295 (obtaining substantially equivalent information would require more than 1000 depositions); *Raso*, 154 F.R.D. at 129 (key witnesses' complete failure to recall); *McNulty*, 120 F.R.D. at 29 (sole eyewitness unreachable); *compare Sullivan v. Warminster Twp.*, 274 F.R.D. 147, 153 (E.D. Pa. 2011) (witness's faded memory, as distinct from complete failure to recall, does not warrant disclosure of fact work product).

And it certainly was not met here.  Though the Special Master quoted the "substantial equivalent" and "undue hardship" elements of the rule, he never applied them, and the government made no attempt to meet them.  *See* Vol. 2 R&R (Exh. "A") at 12-13.  Even if the government does not have the documents themselves, it did not make the showing that Rule 26(b)(3) requires.

## **CONCLUSION**

For these reasons, the Court should overrule the Special Master's June 7, 2022 Report and Recommendation and sustain the claim of work product protection for the 61 documents that Mr. Panchal compiled for counsel during the 2019 grand jury investigation.

Respectfully submitted,

| | |
|---|---|
| */s/ Patrick J. Egan* | */s/ Lisa A. Mathewson* |
| Patrick J. Egan | Lisa A. Mathewson |
| Saverio S. Romeo | MATHEWSON LAW LLC |
| FOX ROTHSCHILD LLP | 123 S. Broad Street, Suite 1320 |
| 2000 Market St. #2000 | Philadelphia, PA 19109 |
| Philadelphia, PA 19103 | (215) 399-9592 |
| (215) 299-2000 | lam@mathewson-law.com |
| pegan@foxrothschild.com | |
| sromeo@foxrothschild.com | Jack W. Pirozzolo* |
| | SIDLEY AUSTIN LLP |
| *Counsel to Ashvin Panchal* | 60 State Street, 36th Floor |
| | Boston, MA 02109 |
| | (617) 223-0304 |
| */s/ Justin C. Danilewitz* | jpirozzolo@sidley.com |
| Justin C. Danilewitz | |
| SAUL EWING ARNSTEIN & LEHR LLP | Jeffrey M. Senger* |
| Centre Square West | Becket Marum* |
| 1500 Market Street, 37th Floor | SIDLEY AUSTIN LLP |
| Philadelphia, PA 19102 | 1501 K Street NW |
| (215) 972-1977 | Washington, D.C. 20005 |
| justin.danilewitz@saul.com | (202) 736-8000 |
| | jsenger@sidley.com |
| Brien T. O'Connor* | bmarum@sidley.com |
| ROPES & GRAY LLP | |
| Prudential Tower 800 | *Counsel to KVK-Tech, Inc.* |
| Boylston Street | |
| Boston, MA 02199-3600 | |
| (617) 951-7281 | |
| brien.oconnor@ropesgray.com | |
| | |
| Beth P. Weinman* | |
| ROPES & GRAY LLP | |
| 2099 Pennsylvania Avenue, NW | |
| Washington, D.C. 20006-6807 | |
| (202) 508-4600 | |
| beth.weinman@ropesgray.com | |
| | |
| *Counsel to Murty Vepuri* | |

\* Counsel admitted pro hac vice

Dated: July 1, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on this date this Memorandum of Law was (1) filed electronically through the District Court's CM/ECF system, which will serve it electronically on all counsel of record, and on the Special Master.

July 1, 2022                                  /s/ *Lisa A. Mathewson*
                                                   Lisa A. Mathewson