```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :      CRIMINAL ACTION
                                :
            v.                  :      NO. 21-132
                                :      NO. 21-mj-1220
MURTY VEPURI, et al.            :
```

MEMORANDUM

Bartle, J.                                       August 24, 2022

       Before the court is the appeal of defendants KVK-Tech, Inc., Murty Vepuri, and Ashvin Panchal from the Report and Recommendation of the Special Master appointed in this matter to review defendants' claims of privilege[1] as to documents seized by the Government pursuant to search warrants. Defendants challenge the Special Master's decision that certain documents are not protected by the work-product doctrine.

       In 2019 the Government initiated an investigation against KVK, a generic drug manufacturer, over its distribution of the sedative drug Hydroxyzine Hydrochloride. In a June 10, 2021 superseding indictment, defendants were charged with one count of conspiracy to defraud the United States by impeding, impairing, and defeating the lawful function of the Food and Drug Administration ("FDA") by introducing unapproved drugs into interstate commerce and by making false statements to the FDA (18 U.S.C. §§ 371, 331(d), 355(a), and 1001). Defendant

---

1. Privilege for present purposes includes work product.

KVK-Tech, Inc., was also indicted on a separate count for mail fraud (18 U.S.C. § 1341).[2]

Between July 29, 2021, and August 4, 2021, after the defendants were indicted, the Government executed three search warrants of KVK's Newtown, Pennsylvania facilities as part of its continuing investigation. During these searches, the Government seized some 30 terabytes of electronically stored information. Relevant here, it also seized roughly 500 boxes of hard-copy papers from KVK's premises.

On October 19, 2021, the court outlined the rules for a filter team separate from the prosecution team to review what was seized by the Government. United States v. Vepuri, ____ F. Supp. 3d _____, 2021 WL 4860744 (E.D. Pa. 2021). The court stated in part:

> The filter team, walled-off from the prosecution team, may retain and review all materials seized. The Government shall provide the defendant with immediate access to the materials in its possession. The defendant shall review the materials as promptly as possible and advise the filter team which materials it considers not to be privileged and which materials it considers

---

2. On February 23, 2022, the court dismissed the count of conspiracy to defraud the FDA to the extent it charged defendants with conspiring to introduced an unapproved drug in violation of 21 U.S.C. §§ 331(d), 355(a). See United States v. Vepuri, Cr. A. No. 21-132, 2022 WL 541772, at *3-7 (E.D. Pa. Feb. 23, 2022), appeal filed (3d Cir. Mar. 29, 2022). The Government has since appealed that ruling, and its appeal remains pending.

> to be privileged. To the extent it considers materials not privileged, they will be immediately produced to the prosecution team. . . . The filter team will have a reasonable amount of time to review the materials the defendant has designated as privileged. To the extent the filter team agrees with the defendant, those materials shall be returned to the defendant.
>
> The court will appoint a special master, at the Government's expense, to review for privilege those remaining materials as to which there still exists a dispute.

Id. at *3-4.

On November 3, 2021, the court signed an order governing the specific procedures for review of claims of privilege as to the materials seized and providing for the appointment of a special master.  The order further authorizes appeals to this court from the Special Master's decisions.  See id. at *5.

The defendants filed a motion for a protective order with the Special Master to prevent disclosure of 61 seized documents consisting of over 1200 pages.  Defendants argued the documents, which were allegedly compiled by one of the defendants at the direction of company counsel, may not be disclosed because of the attorney-client privilege or the work-product doctrine.  The Government opposed the motion.  The Special Master thereafter denied the defendants' attorney-client privilege claim.  While ruling that there was no protected

opinion work product in the documents, he found that the documents were "first tier" or ordinary work-product. See In re Cendant Corp. Sec. Litig., 343 F.3d 658, 661 (3d Cir. 2003). He then determined that the Government had "met its burden in establishing . . . extraordinary need . . . [and] inability to secure the information . . . from another source." In his Report and Recommendation the Special Master recommended that the court "(1) Deny the Defendants' Motion for Protective Order; and (2) Grant the Government's Prosecution Team access to the Disputed Documents." Pursuant to the court's November 3, 2021 Order (Doc. # 87), the defendants have appealed the Report and Recommendation to this court. The court's review is de novo. Fed. R. Civ. P. 53(f)(3), (4).

The court first focuses on the search warrant in issue. It described and called for the seizure of a series of documents "for the period from January 1, 2018 through the date on which this warrant is executed." As the defendants point out, it is undisputed that 27 of the 61 documents seized were dated prior to January 1, 2018, specifically 2010, 2011, 2012, 2013, and 2014. These 27 documents are clearly outside the period encompassed by the warrant. Defendants' motion for a protective order will be granted as to them.

That leaves 34 documents where the dispute over work-product protection remains at issue. The gravamen of the

-4-

defendants' argument is that the Government has not met its burden to pierce the work-product protection.  They maintain that the Government has failed to establish substantial need or necessity for the 61 documents in issue and its inability without undue hardship to obtain their substantial equivalent as required under Hickman v. Taylor, 329 U.S. 495 (1947), and under Rule 26(b)(3) of the Federal Rules of Civil Procedure.  The defendants do not challenge the Special Master's ruling that no attorney-client privilege exists.

The work-product doctrine consists of the documents and other materials which were prepared in reasonable anticipation of litigation or for trial by or for the attorney for a party.  In re Cendant, 343 F.3d at 661.  The doctrine is designed to protect "the mental processes of the attorney." Id. at 661-62 (quoting United States v. Nobles, 422 U.S. 225, 238 (1975)).  It protects materials not only prepared by attorneys but also by the investigators and other agents of the attorneys. Nobles, 442 U.S. at 238-39.  The compilation of witness lists and other materials by or at the direction of counsel can constitute work product.  Sporck v. Piel, 759 F.2d 312, 315-17 (3d Cir. 1985); United States v. Amerada Hess Corp., 619 F.2d 980, 987-88 (3d Cir. 1980).  The doctrine applies not only in civil cases but also in criminal actions.  Nobles, 422 U.S. at 236-38.  In In re Grand Jury Investigation, 599 F.2d 1224

(3d Cir. 1979), for example, our Court of Appeals relied upon decisions in civil cases and Rule 26(b)(3) in interpretating and applying the doctrine in the criminal context, id. at 1228-33.

Discovery of work-product materials is precluded under Rule 26(b)(3)(B) of the Federal Rules of Civil Procedure to the extent they contain "the mental impressions, conclusions, opinions, or legal theories of the party's attorney or other representative concerning the litigation." Otherwise, work-product materials "may be discovered" but only if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A); see In re Cendant, 343 F.3d at 663–64; Amerada Hess, 619 F.2d at 987–88.

A party invoking the work-product doctrine has the burden of proof. Conoco Inc. v. U.S. Dep't of Just., 687 F.2d 724, 730 (3d Cir. 1982). If the materials consist of the impressions, conclusions, opinions, or legal theories of counsel, the inquiry ends and no discovery will be permitted except possibly in rare or exceptional circumstances. In re Cendant, 343 F.3d at 663-65. If the materials do not consist of opinion work product and the party invoking the doctrine does not meet its burden that the materials are ordinary work product, the material must be produced. However, if the party

invoking the doctrine does meet its burden, it is only then that the opposing party has the burden to demonstrate substantial need or necessity and the inability without undue hardship to obtain their substantial equivalent by other means. See Fed. R. Civ. P. 26(b)(3)(A); Serrano v. Chesapeake Appalachia, LLC, 298 F.R.D. 271, 277 (W.D. Pa. 2014). If the opposing party then satisfies its burden, the materials will not be shielded from discovery and must be turned over. To meet each of these burdens, it goes without saying that evidentiary support is necessary. See, e.g., In re Chevron, 633 F.3d 153, 165-66 (3d Cir. 2011); Conoco, 687 F.2d at 730; In re Grand Jury, 594 F.2d at 1232.

      The defendants simply rely on a February 28, 2022 letter sent by the attorney for defendant Ashvin Panchal to the Special Master to meet their burden of proof that the documents are protected as ordinary work-product. In that letter the attorney wrote that 61 documents in issue "were seized from a box of documents located in Mr. Panchal's office during the search. The materials were labelled 'Box is from Ashvin Panchal During April/May 2019 for Hydroxyzine HCL.'"

      The letter continued:

> The materials seized from this box are a compilation of documents that Mr. Panchal collected in connection with the government investigation of him. The investigation, which resulted in the charged case, focused

>  on, among other things, Hydroxyzine.  Mr.
>  Panchal collected those documents at the
>  request of company counsel in order to
>  provide information relevant to the
>  investigation.  Given that the investigation
>  was ongoing in 2019, the documents were
>  collected specifically in anticipation of
>  litigation.

There are several problems with the letter.  First, it relies on hearsay.  The author, as far as can be ascertained from the letter, has no firsthand knowledge about company counsel's request to Mr. Panchal or why any request may have been made.  Second, the company counsel is not even identified.  Third, the statements made in the letter were not set forth in an affidavit or declaration so as to constitute evidence.  All the court has before it is an unverified letter, lacking in necessary detail, of a defense attorney not involved in the crucial underlying events he recounts.

Sometimes the existence of attorney work product may be gleaned from the face or nature of the documents themselves or from related documents without the need for further evidence.  Sometimes the underlying facts may be undisputed.  Neither is the case here.  The 61 documents in issue do not in and of themselves constitute work product.  All parties concede, as the Special Master found, that the documents are simply business or manufacturing records of KVK, Inc.  What may make them protected work product is proof that they were compiled by Mr. Panchal at

-8-

the direction of KVK's company counsel in anticipation of litigation.  See Sporck, 759 F.2d at 315-17.  Only evidence outside the documents themselves can possibly constitute proper proof that the compilation is work product.  The letter submitted by a defense attorney to the Special Master, however, falls short.  All it does is assert relevant facts.  It is not proof of any relevant facts.  As previously noted, there is no evidence before the court through an affidavit or declaration, for example, containing non-hearsay specifics about the purported compilation request or even the identity of the counsel who purportedly requested the compilation.  See, e.g., Conoco, 687 F.2d at 730; Teltron, Inc. v. Alexander, Civ. A. No. 90-0225, 1990 WL 198110, at *1 (E.D. Pa. Dec. 3, 1990).

The defendants have not met their burden to establish that the compilation of the documents is work product.  Accordingly, the defendants' motion for a protective order with respect to the remaining 34 documents will be denied.  As a result, the court does not reach the question whether the Government provided sufficient proof to meet its burden of substantial need or necessity and of its inability without undue hardship to obtain the substantial equivalent of the materials by other means.